IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY BASLER, Individually and On Behalf of All Similarly Situated Persons,<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:19-cv-4535 |
| ALLIED WIRELINE SERVICES, LLC, d/b/a ALLIED-HORIZONTAL WIRELINE SERVICES<br>    Defendant. | §<br>§ | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Allied Wireline Services, LLC, doing business under the assumed name of Allied-Horizontal Wireline Services ("Allied" or "Defendant") has a business plan that includes hiring wireline technicians and misclassifying them as exempt employees even though they do not perform the job duties of an exempt employee. Allied does this in order to avoid paying overtime pay, saving the Defendant money and allowing it to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Jeffrey Basler ("Basler" or "Plaintiff") is one of a number of employees hired by allied as a salaried wireline technician. Basler brings this lawsuit on his own behalf and on behalf of his former co-workers against Defendant to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1. Basler worked for Allied as a wireline technician from January 30, 2015 until

August 8, 2019.  Basler's duties included performing repairs and preventative maintenance on Defendant's wireline trucks and their associated logging and perforating equipment.

2. During the time he worked for the Defendant, Basler regularly worked in excess of 40 hours per week.

3. Defendant paid Basler on a salary basis.  Defendant did not pay Basler an overtime premium for any of the hours he worked in excess of 40 in a workweek.  Instead, Basler was paid the same salary no matter how many hours he worked in a workweek.

4. Basler worked with a number of other individuals who were paid on a salary basis and who were misclassified as exempt employees.  These individuals were also wireline technicians who also worked over 40 hours per week, and who were also not paid overtime pay for hours they worked in excess of 40 per workweek. Instead, the Defendant also paid these other individuals a set salary for all hours that they worked over 40 in a workweek.

5. Defendant was previously sued in other FLSA lawsuits by employees misclassified as exempt, employees who also performed duties related to the operation and maintenance of Allied's wireline equipment.  Defendant was thus well aware that employees like Basler were not properly classified as exempt employees, yet continued to keep them on the payroll as salaried employees with no payment of overtime.

## Allegations Regarding FLSA Coverage

6. Allied is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

7. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate

highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

8. During each of the three years prior to this complaint being filed, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

9. During each of the three years prior to this complaint being filed, Defendant conducted sufficient business to reach an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

10. During each of the three years prior to this complaint being filed, Defendant's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

**Plaintiff's Claims**

11. Defendant was legally required to pay Basler and his similarly situated salaried wireline technician co-workers ("Members of the Class") overtime pay for all hours that these individuals worked for Defendant in excess of 40 in any workweek.

12. Basler worked over 40 hours in many workweeks that he worked for Defendant.

13. Members of the Class worked over 40 hours in many workweeks that they worked for Defendant.

14. Defendant did not pay Basler an overtime premium for any of the overtime hours that he worked for the Defendant. Similarly, Defendant did not pay the Members of the Class an overtime premium for any of the overtime hours that they worked for the Defendant

15. The Defendant knowingly, willfully, or with reckless disregard misclassified the

Plaintiff and his co-workers as exempt employees in order to try to avoid paying them overtime pay. In addition to wrongfully taking money and benefits from its employees, Defendant's intentional and knowing actions allowed Defendant to gain an unfair advantage over its competition in the marketplace.

16. The Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff and Members of the Class. Such practice was, and continues to be with regard to the Members of the Class, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

17. Defendant violated the FLSA by failing to pay Basler and Members of the Class overtime pay for hours worked over 40 per workweek.

18. Basler and Members of the Class have suffered damages as a direct result of Defendant's illegal actions.

19. Defendant is liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Collective Action Allegations

20. The Defendant's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class; that is, paying non-exempt wireline technicians on a salary basis. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

21. The class of similarly situated Plaintiffs is properly defined as:

   **All persons who work/worked as wireline technicians are/were employed by and paid on a salary basis by Defendant Allied Wireline Services, LLC during the three-year period preceding the filing of this Complaint.**

### Defendant, Jurisdiction, and Venue

22. Defendant Allied Wireline Services, LLC is a Texas limited liability company and an "employer" as defined by the FLSA. Allied may be served through its President/Director, Larry Albert, at 3200 Wilcrest, Suite 170, Houston, Texas 77042, or wherever he may be found.

23. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

### Demand for Jury

24. Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons who are/were employed as wireline technicians by Allied Wireline Services, LLC and paid on a salary basis during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF JEFFREY BASLER**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF**
**JEFFREY BASLER**